UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PATRICIA ANN PERRY,** *pro se,*

    **Plaintiff,**

v.                                                        Case No.  8:10-cv-2876-T-30EAJ

**SOUTHERN WINE & SPIRITS OF
AMERICA, INC. and ROD CROWLEY,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 20) and Plaintiff's Response in opposition (Dkt. 24). The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

*Pro se* Plaintiff Patricia Ann Perry is a former employee of Defendant Southern Wine & Spirits of America, Inc. The Court previously dismissed Plaintiff's complaint on Defendants' motion to dismiss because the complaint failed to comply with the Federal Rules of Civil Procedure, in that it was mainly comprised of narrative and stream of consciousness thoughts. Defendants now move to dismiss Plaintiff's second amended complaint, arguing that the claims do not adequately state a claim. The Court agrees in part.

Plaintiff's second amended complaint asserts claims of race discrimination, sexual harassment, retaliation, hostile work environment, defamation, and violation of Defendant's

harassment policy. Plaintiff, a black female, claims that Defendant retaliated against her, when it fired her soon after she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). She also claims that Defendant discriminated against her because she was black and that Rod Crowley, another employee, sexually harassed her.

The Court concludes that, given Plaintiff's *pro se* status, the second amended complaint sufficiently alleges claims of race discrimination, sexual harassment, and retaliation. Plaintiff includes specific facts in support of these claims, including that she was treated differently than a white employee, that Crowley flirted with her, whispered in her ear, made "sexy gestures," and stared at her crotch, and that she was put on suspension, directed to seek psychological/behavioral counseling, and ultimately terminated.

However, Defendants are correct that Plaintiff's defamation claim must be dismissed, with prejudice, because it is barred by the statute of limitations. The alleged defaming statement was made on August 10 2007, which is more than two years prior to the filing of Plaintiff's original complaint on December 22, 2010. Also, Plaintiff's claim of hostile work environment does not appear to be based on any protective characteristic and, to the extent that she is claiming sexual harassment based on Rod Crowley's behavior, her hostile work environment claim is subsumed within the sexual harassment claim. Finally, Plaintiff's claim of a violation of Defendant's harassment policy is not an actionable claim.

Plaintiff should be aware that she could be subjected to sanctions under Rule 11 of the Federal Rules of Civil Procedure if it is later determined that any of her remaining claims are without merit.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 20) is hereby granted in part and denied in part.

2. Plaintiff's claims of hostile work environment, defamation, and violation of Defendant's harassment policy are dismissed with prejudice.

3. Defendants shall file an answer to the remaining claims within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2876.mtdismiss20.frm